UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Commonwealth of Massachusetts, et al., *Plaintiffs,* v. Department of Education, et al., *Defendants.* | Case No. 1:26-cv-11229 EMERGENCY HEARING REQUESTED |

PLAINTIFFS' MOTION FOR A
TEMPORARY RESTRAINING ORDER

  This coming Wednesday, on March 18, 2026, Plaintiffs' Institutions of Higher Education ("IHE") must finish submitting a vast array of data to a new component of the Integrated Postsecondary Education Data System ("IPEDS"), a system of interrelated surveys that collect data on an annual basis from universities. This new component, the IPEDS Admissions and Consumer Transparent Supplement ("ACTS") survey, demands an unprecedented scope of disaggregated data from IHEs. Defendants, in turn, have threatened penalties if they deem this data incomplete or unsatisfactory. They also have stated that this data may drive enforcement actions to determine whether IHEs have impermissibly considered race in admissions decisions in violation of *Students for Fair Admissions Practices, Inc. v. President & Fellows of Harvard College* (hereinafter, "*SFFA*"), 600 U.S. 181 (2023). Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 7.1, Plaintiffs respectfully move for a stay pursuant to 5 U.S.C. § 705 and for a temporary restraining order enjoining the Defendants from:

(1) accessing information uploaded by Plaintiffs in the ACTS survey;

(2) requiring that Plaintiffs complete the ACTS survey by March 18, 2026;

(3) assessing penalties on Plaintiffs based on their submissions to the ACTS survey; and

(4) using the ACTS survey as a basis for any investigation or enforcement action.

The Defendants satisfy each of the requirements of a temporary restraining order. First, the Defendants are likely to succeed on their claims. The Defendants' actions approving and implementing the ACTS survey are contrary to law and exceed their statutory jurisdiction in violation of 5 U.S.C. § 706(2)(A), (2)(C). The Department of Education, through the National Center for Education Statistics ("NCES") and Institute for Education Sciences ("IES"), administers IPEDS. Both NCES and IES have specific statutory mandates to conduct objective and non-partisan statistical reporting. The ACTS survey, which explicitly seeks to monitor compliance with and potentially drive enforcement actions based on alleged violations of civil rights laws, is far afield from this statutory mandate.

Second, the Paperwork Reduction Act ("PRA"), 44 U.S.C. § 3501 *et seq.*, imposes strict requirements for a federal agency to implement an information collection such as the ACTS survey. Among other things, the agency must minimize the burden upon the respondents and implement an effective and efficient survey methodology. The Defendants violated the PRA and therefore acted contrary to law and without observance of the procedure required by law in violation of 5 U.S.C. § 706(2)(A), (2)(D).

Lastly, the Defendants acted arbitrarily and capriciously in approving and implementing the ACTS survey and therefore violated 5 U.S.C. § 706(2)(A). The Defendants deviated from past procedures for implementing major changes to IPEDS and introduced the ACTS survey in a rushed and chaotic fashion, thus depriving Plaintiffs of essential notice to compile the data sought and

ensuring that any data submitted through the ACTS survey would be unreliable and inaccurate through no fault of Plaintiffs.

As a result of the ACTS survey, Plaintiffs face imminent and irreparable harm, including the imposition of fines and loss of essential funding should Defendants deem their responses to the ACTS survey incomplete and inaccurate; the possibility of onerous federal investigations and enforcement actions; the burden and cost of submitting the vast swaths of data sought by the ACTS survey; and risks to student privacy.

Lastly, the public interest weighs in favor of granting the requested relief. The Defendants have no imminent need for this data and the submitted data will be of little utility given the Defendants' chaotic process of implementing the ACTS survey.

Wherefore, and for the reasons set forth in the accompanying memorandum of law, declarations, and evidence filed in support of this motion, Plaintiffs respectfully request that the Court immediately enter a temporary restraining order setting forth the relief requested herein.

## Request for Oral Argument

Pursuant to Local Rule 7.1(d), Plaintiffs respectfully seek oral argument on this motion prior to March 18, 2026.

Respectfully submitted,

ANDREA JOY CAMPBELL
   *Attorney General*
   *Commonwealth of Massachusetts*
By: /s/ *Michelle R. Pascucci*
Michelle R. Pascucci
   *State Trial Counsel*
Laila Ameri
Jared Cohen
Carol Guerrero
   *Assistant Attorneys General*
1 Ashburton Pl.
Boston, MA 02108
michelle.pascucci@mass.gov
laila.ameri@mass.gov
jared.b.cohen@mass.gov
carol.guerrero@mass.gov

*Counsel for the Commonwealth of Massachusetts*

ROB BONTA
   *Attorney General for the State of California*
By: /s/ Brandy Doyle
Brandy Doyle
Michael L. Newman
   *Senior Assistant Attorney General*
*Virginia Corrigan
   *Supervising Deputy Attorney General*
*Brandy Doyle
*Nicholas Keats
*Kenneth Sugarman
   *Deputy Attorneys General*
California Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102
(415) 510-3563
Michael.Newman@doj.ca.gov
Virginia.Corrigan@doj.ca.gov
Brandy.Doyle@doj.ca.gov
Nicholas.Keats@doj.ca.gov

*Counsel for the State of California*

Dated: March 13, 2026

ANTHONY G. BROWN
   *Attorney General for the State of Maryland*
By: /s/ *Virginia A. Williamson*
*Virginia A. Williamson
   *Assistant Attorney General*
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6584
vwilliamson@oag.maryland.gov

*Counsel for the State of Maryland*

JENNIFER DAVENPORT
   *Attorney General of New Jersey*
By: /s/ *Nancy M. Trasande*
Nancy M. Trasande
   *Civil Rights Section Chief*
Jonathan Mangel
   *Deputy Attorney General*
Jillian Ollwerther
   *Deputy Attorney General*
Richard J. Hughes Justice Complex
25 Market Street
Trenton, NJ 08625
(609) 696-5365
Nancy.Trasande@law.njoag.gov
Jonathan.Mangel@law.njoag.gov
Jillian.Ollwerther@law.njoag.gov

*Counsel for the State of New Jersey*

AARON D. FORD
  *Attorney General*
By: /s/ K. Brunetti Ireland
K. Brunetti Ireland
  *Chief of Special Litigation*
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
kireland@ag.nv.gov

*Counsel for the State of Nevada*

PHILIP J. WEISER
  *Attorney General of Colorado*
By: /s/ Nora Passamaneck
*Nora Passamaneck
  *Senior Assistant Attorney General*
*Sarah H. Weiss
  *Senior Assistant Attorney General*
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
nora.passamaneck@coag.gov
sarah.weiss@coag.gov

*Counsel for the State of Colorado*

WILLIAM TONG
  *Attorney General of Connecticut*
By: /s/ Mary Lenehan
*Mary Lenehan
  *Assistant Attorney General*
165 Capitol Ave
Hartford, CT 06106
(860) 808-5210
Mary.Lenehan@ct.gov

*Attorney for the State of Connecticut*

LETITIA JAMES
  *Attorney General of New York*
By: /s/ Jessica Ranucci
*Jessica Ranucci
  *Special Counsel*
*Rabia Muqaddam
  *Chief Counsel for Federal Initiatives*
28 Liberty Street
New York, NY 10005
(929) 736-3392
jessica.ranucci@ag.ny.gov

*Counsel for the State of New York*

DAN RAYFIELD
  *Attorney General of Oregon*
By: /s/ Derek Olson
*Derek Olson
  *Assistant Attorney General*
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880
Derek.Olson@doj.oregon.gov

*Counsel for the State of Oregon*

PETER F. NERONHA
  *Attorney General of Rhode Island*
By: /s/ Chandana Pandurangi
*Chandana Pandurangi
  *Special Assistant Attorney General*
150 South Main Street
Providence, RI 02903
cpandurangi@riag.ri.gov

*Counsel for the State of Rhode Island*

KATHLEEN JENNINGS
   *Attorney General of the State of Delaware*
By: /s/ *Ian R. Liston*
Ian R. Liston
   *Director of Impact Litigation*
Rose E. Gibson
Vanessa L. Kassab
   *Deputy Attorneys General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
ian.liston@delaware.gov

*Counsel for the State of Delaware*

CHARITY R. CLARK
   *Attorney General of Vermont*
By: /s/ *Ryan P. Kane*
*Ryan P. Kane
   *Deputy Solicitor General*
109 State Street
Montpelier, VT 05609
(802) 828-2153
ryan.kane@vermont.gov

*Counsel for the State of Vermont*

ANNE E. LOPEZ
   *Attorney General for the State of Hawaiʻi*
By: /s/ *Kalikoʻonālani D. Fernandes*
*Kalikoʻonālani D. Fernandes
   *Solicitor General*
*David D. Day
   *Special Assistant to the Attorney General*
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov

*Counsel for the State of Hawaiʻi*

JAY JONES
   *Attorney General of Virginia*
By: /s/ *Tillman J. Breckenridge*
Tillman J. Breckenridge
   *Solicitor General*
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, Virginia 23219
(804) 786-2071
solicitorgeneral@oag.state.va.us

*Counsel for the Commonwealth of Virginia*

KWAME RAOUL
   *Attorney General*
   *State of Illinois*
By: /s/ *Aleeza Strubel*
Aleeza Strubel
   *Complex Litigation Counsel*
Elizabeth H. Jordan
   *Social Equity Counsel*
Office of the Illinois Attorney General
115 S. Lasalle Street
Chicago, IL 60603
312-814-3000
Aleeza.Strubel@ilag.gov
Elizabeth.Jordan@ilag.gov

*Counsel for the State of Illinois*

NICHOLAS W. BROWN
   *Attorney General*
   *State of Washington*

By: /s/ *Molly Powell*
*Molly Powell
*Mina Shahin
   *Assistant Attorneys General*
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
molly.powell@atg.wa.gov
mina.shahin@atg.wa.gov

*Counsel for the State of Washington*

6

                                                                                                                                                                                                                                      JOSHUA L. KAUL
        *Attorney General*
        *State of Wisconsin*
By: /s/ *Faye B. Hipsman*
Faye B. Hipsman
    *Assistant Attorney General*
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-264-9487
faye.hipsman@wisdoj.gov

*Counsel for the State of Wisconsin*

\**Pro Hac Vice* motions forthcoming or pending

**LOCAL RULE 7.1 CERTIFICATE**

      I, Michelle Pascucci, certify that on March 11, 2026 and March 13, 2026, attorneys within my office emailed the attorneys at the U.S. Department of Justice listed below requesting a Local Rule 7.1 Conference. At that time, we also requested whether the Defendants would be amenable to staying responses to the ACTS survey pending briefing on this issue. I did not receive a response to this email.

      Brad Rosenberg
Special Counsel
Federal Programs Branch
U.S. Department of Justice
brad.rosenberg@usdoj.gov

      Abraham George
Chief, Civil Division
U.S. Attorney's Office for the District of Massachusetts
abraham.george@usdoj.gov

      Rayford Farquhar
Chief, Defensive Litigation, Civil Division
U.S. Attorney's Office for the District of Massachusetts
rayford.farquhar@usdoj.gov

      */s/ Michelle Pascucci*

**CERTIFICATE OF SERVICE**

      I, Michelle Pascucci, certify that on March 13, 2026, I provided a copy of the foregoing document to the following attorneys at the U.S. Department of Justice by electronic mail:

      Brad Rosenberg
      Special Counsel
      Federal Programs Branch
      U.S. Department of Justice
      brad.rosenberg@usdoj.gov

      Abraham George
      Chief, Civil Division
      U.S. Attorney's Office for the District of Massachusetts
      abraham.george@usdoj.gov

      Rayford Farquhar
      Chief, Defensive Litigation, Civil Division
      U.S. Attorney's Office for the District of Massachusetts
      rayford.farquhar@usdoj.gov

      */s/ Michelle Pascucci*