**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

COMMONWEALTH OF MASSACHUSETTS,
*et al.,*

                *Plaintiffs*,

    v.

U.S. DEPARTMENT OF EDUCATION,
*et al.,*

                *Defendants*.

Case No. 1:26-cv-11229-FDS

**MEMORANDUM IN SUPPORT OF**
**ASSOCIATION OF AMERICAN UNIVERSITIES' MOTION TO INTERVENE**

**INTRODUCTION**

The Association of American Universities ("AAU") seeks leave to intervene in this suit challenging the Admissions and Consumer Transparency Supplement ("ACTS") survey. Implementation of the ACTS survey will cause imminent and irreparable harm to AAU's members absent emergency relief. Until today, AAU members were shielded from those harms by this Court's Temporary Restraining Order issued on March 13, 2026, ECF No. 12, which extended the deadline for all institutions of higher education ("IHEs") to complete the ACTS survey. The Department of Education has since separately communicated to IHEs that the deadline was extended to March 25, 2026, and later to March 31, 2026. Accordingly, in light of the narrowed scope of the Temporary Restraining Order issued on March 24, 2026, ECF No. 75, the substantial majority of AAU members now face an imminent March 31, 2026, deadline to complete the survey. Because AAU timely seeks to raise substantially the same claims as do the Plaintiff States, AAU's intervention is both permissible and appropriate as a matter of judicial economy.

**BACKGROUND**

AAU was founded in 1900 and is composed of America's leading research universities. AAU's member universities earn the majority of competitively awarded federal funding for research that improves public health, seeks to address national challenges, and contributes significantly to our economic strength, while educating and training tomorrow's visionary leaders and innovators. Its members include 69 public and private research universities in the United States.

On March 19, 2026, AAU, together with several other national higher education associations, moved for leave to file an amicus brief in support of Plaintiffs' then-pending motion for a temporary restraining order ("TRO"), ECF No. 52, which the Court granted on March 24,

1

2026, ECF No. 72.[1] As explained in the subsequently filed amicus brief, ECF No. 73, the ACTS survey directly and profoundly affects AAU's members. The ACTS survey imposes unprecedented data collection requirements on IHEs with remarkably little notice, creating severe practical burdens, unresolved privacy risks, and data quality concerns that the Department of Education ("the Department" or "ED") has not adequately addressed.

AAU's members have for decades relied on the Department of Education's well-established, deliberative, and collaborative processes to ensure that new Integrated Postsecondary Education Data System ("IPEDS") data collections are clearly defined, technically feasible, and implemented with sufficient lead time to produce reliable data. ACTS upends those reliance interests, giving IHEs a few short months to comply with its sweeping requirements, including—for the first time—retrospective data going back seven years. ED implemented ACTS in the face of thousands of comments, including from AAU, pointing out these problems and raising serious concerns around its proposed feasibility, implementation, and timeline. AAU now seeks to intervene in this suit to protect its members' interests in light of those concerns.

## ARGUMENT

### I.    AAU Satisfies the Requirements for Permissive Intervention.

Pursuant to Rule 24(b)(1) of the Federal Rules of Civil Procedure, this Court may permit "anyone" to intervene in this action so long as two requirements are satisfied. First, the proposed intervenor must file a "timely motion." Fed. R. Civ. P. 24(b)(1). Second, the proposed intervenor must have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). AAU satisfies both requirements.

---

[1] At the time AAU moved for leave to file an amicus brief, AAU was not a party to this action. It was only after filing an amicus brief that AAU learned that its members would not be protected by the relief to the Plaintiff States, prompting this Motion to Intervene.

### A. AAU's Motion to Intervene Is Timely.

The timeliness requirement "is of first importance" when considering a motion to intervene. *Caterino v. Barry*, 922 F.2d 37, 40 (1st Cir. 1990) (quoting *United Nuclear Corp. v. Cannon*, 696 F.2d 141 (1st Cir. 1982)).  The First Circuit has articulated a four-part test to assess timeliness:

> (i)     the length of time the prospective intervenors knew or reasonably should have known of their interest before they petitioned to intervene;
>
> (ii)    the prejudice to existing parties due to the intervenor's failure to petition for intervention promptly;
>
> (iii)   the prejudice the prospective intervenors would suffer if not allowed to intervene; and
>
> (iv)    the existence of unusual circumstances militating for or against intervention.

*Id*. (quoting *United States v. Metro. Dist. Comm'n*, 865 F.2d 2, 5 (1st Cir. 1989)).

Considering the factors above, AAU's motion is timely for three reasons.

*First*, the case is at a very early stage. Plaintiff States initiated this suit just two weeks ago. Defendants have yet to file a responsive pleading, no dispositive motions have been filed by any party, and the Court has yet to finally resolve any issue on the merits. Moreover, AAU learned just yesterday that its members would not be protected by the relief to the Plaintiff States and promptly filed to intervene today. AAU scarcely could have acted more quickly.

*Second*, and relatedly, AAU's intervention at this juncture would not prejudice any existing party. Because the case remains at an early stage, there is not yet a briefing schedule or discovery plan that would be affected by intervention. Moreover, as discussed further below, AAU is prepared to proceed on any briefing schedule set by the Court.

*Third*, as set forth in more detail in AAU's forthcoming motion for a temporary restraining order, AAU's members would suffer imminent irreparable harm if not permitted to intervene. The

3

Court's March 13, 2026, Temporary Restraining Order, ECF No. 12, extended the deadline for AAU members to complete the ACTS survey to today's date, March 25, 2026. The Department of Education has since separately communicated to IHEs that the deadline was extended to March 25, 2026, and later to March 31, 2026. Accordingly, absent intervention and emergency relief, AAU members will be forced to either submit the ACTS survey—and thereby irreversibly bear the severe practical burdens and unresolved privacy risks on which their legal claims are based— or miss the operative ACTS survey deadline and risk adverse enforcement action.

### B. AAU's and the Plaintiff States' Claims Share Common Questions of Law and Fact.

Permissive intervention pursuant to Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure requires only that the proposed intervenor has a single "claim or defense that shares with the main action a [single] common question of law or fact." *Id*. AAU easily satisfies this requirement.

As set forth in the attached Proposed Complaint, AAU raises precisely the same legal claims as do Plaintiff States. Accordingly, each of the following questions of law is common to the claims raised by Plaintiff States and AAU, respectively:

- Whether Defendants exceeded their authority in approving and implementing the IPEDS ACTS survey;

- Whether Defendants failed to observe procedures required by the Paperwork Reduction Act, 44 U.S.C. § 3501 *et seq.*; 5 C.F.R. § 1320, and/or the E-Government Act of 2002, Pub. L. No. 107-347, § 208, 116 Stat. 2899, 2921, in approving and implementing the IPEDS ACTS survey; and

- Whether Defendants acted arbitrarily and capriciously in approving and implementing the IPEDS ACTS survey.

AAU's claims also share common questions of fact with the pending claims by Plaintiff States. Common factual questions include, but are not limited to, the following:

4

- Whether Defendants provided sufficient time for IHEs to collect and submit required information;

- Whether Defendants failed to consider an important aspect of the problem in approving and implementing the IPEDS ACTS survey;

- Whether Defendants failed to consider reasonable alternatives to implementing the IPEDS ACTS survey;

- Whether Defendants have implemented the IPEDS ACTS survey in an incoherent and inconsistent manner;

- Whether Defendants deviated from past methods of implementing major changes to IPEDS without adequate explanation;

In short, AAU's and Plaintiff States' claims share all legal questions and many factual questions. For that reason, as well as the timeliness of this motion, AAU satisfies all requirements for permissive intervention.

## II.    AAU's Intervention Would Promote Judicial Economy Without Creating Undue Delay or Prejudice.

Where the timeliness and common-question requirements are satisfied, the Court enjoys "very broad discretion" to grant permissive intervention. *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 40 (1st Cir. 2020). In exercising such discretion, Rule 24(b)(3) of the Federal Rules of Civil Procedure directs the Court to consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Additionally, the court "may 'consider almost any factor rationally relevant' to the intervention determination." *T-Mobile Ne. LLC*, 969 at 40.

Here, a favorable exercise of discretion by the Court is warranted. AAU's intervention will not unduly delay or prejudice the adjudication of any party's rights. AAU is prepared to brief its claims in accordance with any schedule set by this Court. Moreover, AAU's intervention would promote judicial economy by allowing the same claims against the same Defendants related to the

same agency action on the basis of the same administrative record to be decided on the same procedural schedule by the same Court.

## CONCLUSION

AAU respectfully requests that the Court grant its motion for permissive intervention.

Dated:  March 25, 2026

Respectfully submitted,

*/s/ Lindsay C. Harrison*

JENNER & BLOCK LLP

Shoba Pillay, BBO No. 659739
353 North Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
SPillay@jenner.com

Ishan K. Bhabha *(pro hac vice)*
Lindsay C. Harrison *(pro hac vice)*
Elizabeth Henthorne *(pro hac vice)*
Hilary Ledwell *(pro hac vice* pending*)*
Mary-Claire Spurgin *(pro hac vice)*
1099 New York Avenue NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
IBhabha@jenner.com
LHarrison@jenner.com
BHenthorne@jenner.com
HLedwell@jenner.com
MSpurgin@jenner.com

*Counsel for Association of American Universities*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2026, I caused the foregoing to be electronically filed with the clerk of the court for the U.S. District Court for the District of Massachusetts, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.

Dated: March 25, 2026

/s/ Lindsay C. Harrison

Lindsay C. Harrison (*pro hac vice)*
JENNER & BLOCK LLP
1099 New York Avenue NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
LHarrison@jenner.com