**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, *et al.,* <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, *et al.,* <br><br> *Defendants*. | Case No. 1:26-cv-11229-FDS |

## PROPOSED PLAINTIFF-INTERVENOR'S MOTION TO EXPEDITE CONSIDERATION OF ITS MOTION TO INTERVENE AND MOTION FOR A TEMPORARY RESTRAINING ORDER

Proposed Plaintiff-Intervenor Association of American Universities ("AAU") hereby moves to expedite consideration of its Motion to Intervene, ECF No. 83, and Motion for a Temporary Restraining Order, ECF No. 85. As set forth in AAU's Memorandum in Support of its Motion for a Temporary Restraining Order, ECF No. 86 ("TRO Memo."), and the Declaration of AAU President Barbara R. Snyder, ECF No. 87 ("Snyder Decl."), AAU's members face imminent, irreparable harm if required to submit the Admissions and Consumer Transparency Supplement ("ACTS") survey by the current deadline of Tuesday, March 31, 2026. AAU therefore respectfully requests that this Court rule on its pending motions in advance of that deadline.[1] *See* 28 U.S.C. § 1657 (allowing courts to determine the "order in which civil actions are heard and determined" and providing that "the court shall expedite consideration of . . . any action for temporary or

---

[1] Counsel for AAU anticipates that at least one additional higher education association will seek to intervene in this action later today for substantially the same reasons as AAU has sought intervention. Counsel further anticipates that such association will bring the same claims as, seek the same relief as, and otherwise be similarly situated to AAU. If both motions are granted, AAU anticipates coordinate filings with the other association and otherwise consolidating their efforts going forward for the convenience of the Court and the parties.

preliminary injunctive relief"); Fed. R. Civ. P. 6(c)(1)(C) (permitting amendment of motion deadlines as ordered by the court); Local Rule 7.1(a)(1) (permitting amendment of deadlines "as required by the progress of the case").

In support of its motion, AAU states as follows:

1.      AAU seeks to intervene in this case to join the Plaintiff States' challenge to the ACTS survey, which imposes unprecedented and burdensome new data-reporting requirements on institutions of higher education, including AAU's members, and is both contrary to law and arbitrary and capricious. Implementation of the ACTS survey on the current schedule will cause irreparable harm to AAU's members absent emergency relief. *See* TRO Memo. at 14–17 (citing Snyder Decl.). Many of AAU's members now face an imminent deadline of tomorrow, March 31, 2026, to complete the survey or seek a temporary extension—which itself requires uploading three years of ACTS-required data—from the National Center for Education Statistics. The harms that AAU's members face from compliance with that deadline, including the compelled disclosure of potentially inaccurate and privacy-compromising data, cannot be undone after the fact. *See* Snyder Decl. ¶ 31.

2.      Under the Local Rules of this District, any opposition to AAU's motions would not otherwise be due until April 8, 2026—eight days after the current March 31 deadline—unless this Court orders otherwise. *See* Local Rule 7.1(b)(2) ("A party opposing a motion shall file an opposition within 14 days after the motion is served, unless . . . another period is fixed . . . by order of the court"). If the default briefing schedule remains in place, AAU's members will be forced to submit their responses to the ACTS survey, or submit partial responses in order to seek a temporary extension, before the Court has an opportunity to consider whether to extend the relief it has already granted to the Plaintiff States.

2

3.      AAU filed its Motions to Intervene and for a Temporary Restraining Order on March 25, 2026—one day after it learned that this Court's TRO of March 24, 2026, ECF No. 75, would not protect many of its members, in contrast with the TRO of March 13, 2026, ECF No. 12. *See* AAU's Memorandum in Support of its Motion to Intervene at 3–4, ECF No. 84 ("Intervention Memo.") (discussing timeliness of AAU's Motion to Intervene). AAU's member institutions that are not covered by the existing TRO face the very same burdens, privacy risks, and data-quality concerns as those institutions that *are* covered. The Court has already recognized that these harms warrant emergency relief. Expedited consideration of AAU's motions would ensure that AAU's members outside the coverage of the present TRO are not left without recourse while facing the same irreparable harms.

4.      Courts have expedited consideration of motions to intervene where, as here, the proposed intervenor faced imminent irreparable harm. *See, e.g.*, *Malam v. Adducci*, 2020 WL 12739428, at *1 (E.D. Mich. Apr. 3, 2020) (expediting consideration of motion to intervene where movants faced imminent harm from potential COVID-19 exposure in detention); *Planned Parenthood of Kan. & Mid-Mo. v. Moser*, 2011 WL 4824459, at *2 (D. Kan. Oct. 11, 2011) (granting motion to intervene on an expedited basis and reasoning that expedited briefing on injunctive relief was "justified in light of the intervenor's allegations of imminent and irreparable harm"); *Markham v. Fulton Cnty. Bd. of Registrations & Elections*, 2002 WL 32587313, at *1 (N.D. Ga. May 29, 2002) (expediting consideration of motion to intervene and resolving case on expedited basis given compressed timeline driven by imminent election deadline). And courts frequently exercise their discretion to set expedited briefing schedules when warranted. *See, e.g.*, Electronic Order, *Ass'n of Am. Univs. v. Nat'l Sci. Found.*, No. 1:25-cv-11231 (D. Mass. May 14, 2025), ECF No. 48 (granting expedited briefing on preliminary injunction motion unless

government agreed to stay implementation of challenged policy that risked irreparable harm to institutions of higher education); *Doe v. Noem*, ___ F. Supp. 3d ___, 2026 WL 77330, at *3 (D. Mass. Jan. 10, 2026) (expediting briefing schedule as to a stay or preliminary injunction after plaintiffs "ha[d] shown irreparable harm for the purposes of a temporary emergency stay"); Electronic Order, *Am. Ass'n of Univ. Professors v. Rubio*, No. 1:25-cv-10685 (D. Mass. Apr. 2, 2025), ECF No. 16 (granting plaintiffs' motion for an expedited briefing schedule, ECF No. 13, and finding that "the public interest strongly favors prompt adjudication" in light of ongoing threat of irreparable harm); Electronic Order, *Env't Def. Fund v. Wright*, No. 1:25-cv-12249 (D. Mass. Aug. 18, 2025), ECF No. 28 (granting plaintiffs' motion for an expedited briefing schedule, ECF No. 22, where plaintiffs had requested resolution of their preliminary injunction motion before an impending agency deadline); Order, *Louisiana v. U.S. Dep't of Educ.*, 3:24-CV-00563 (W.D. La. May 14, 2024), ECF No. 20 (finding "expedited briefing" on 5 U.S.C. § 705 stay was "necessary" because of impending effective date of regulations); Text Order, *Georgia v. Biden*, 1:21-cv-00163 (S.D. Ga. Nov. 12, 2021), ECF No. 41 (expediting preliminary injunction briefing schedule in light of impending deadline imposed by executive order).

5.      Pursuant to Local Rule 7.1(a)(2), counsel for AAU conferred with defense counsel in an attempt to resolve or narrow the issues in dispute. AAU's understanding is that Defendants will not drop their opposition to the motion to intervene. AAU also discussed with defense counsel either agreeing to expedite briefing or to an extension of the March 31 deadline for AAU's members until resolution of the pending motions, but defense counsel indicated that Defendants were unlikely to agree to either option. AAU also conferred with the State Plaintiffs, who have taken no position on AAU's motion to intervene. AAU of course does not oppose Defendants having an opportunity to file an opposition to AAU's pending motions. But the March 31 deadline

that Defendants themselves are imposing requires action before that date if AAU's members are to receive meaningful relief. AAU therefore respectfully requests that this Court enter whatever orders are necessary to allow it to rule on AAU's pending motions on or before the March 31 deadline. AAU has also notified counsel for the Plaintiff States that it plans to file this motion.

6.      An expedited schedule will not prejudice the existing parties. AAU raises the same claims as the Plaintiff States, and this Court is already familiar with the legal and factual issues presented. AAU has represented that it is prepared to proceed on any briefing schedule set by this Court, *see* Intervention Memo. at 4, 5–6, and it remains ready to do so. Resolving AAU's motions on an expedited basis will allow the Court to consider AAU's claims in tandem with the States', which will ultimately make briefing more efficient and less burdensome for all parties.

WHEREFORE, AAU respectfully requests that the Court grant this motion, expedite its consideration of AAU's Motion to Intervene and Motion for a Temporary Restraining Order, and enter any other orders necessary for the Court to resolve AAU's motions in advance of the March 31, 2026 deadline.

[*signatures on following page*]

5

Dated: March 30, 2026

Respectfully submitted,

/s/ *Lindsay C. Harrison*

JENNER & BLOCK LLP

Lindsay C. Harrison *(pro hac vice)*
Ishan K. Bhabha *(pro hac vice)*
Elizabeth Henthorne *(pro hac vice)*
Hilary Ledwell *(pro hac vice)*
Mary-Claire Spurgin *(pro hac vice)*
1099 New York Avenue NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
LHarrison@jenner.com
IBhabha@jenner.com
BHenthorne@jenner.com
HLedwell@jenner.com
MSpurgin@jenner.com

Shoba Pillay, BBO No. 659739
353 North Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
SPillay@jenner.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March, 2026, I caused the foregoing to be electronically filed with the clerk of the court for the U.S. District Court for the District of Massachusetts, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.

Dated: March 30, 2026                    /s/ Lindsay C. Harrison

Lindsay C. Harrison *(pro hac vice)*
JENNER & BLOCK LLP
1099 New York Avenue NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
LHarrison@jenner.com

7