UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, ET AL.<br><br>                     Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF EDUCATION, ET AL.<br><br>                     Defendants. | C.A. No.  26-11229-FDS |

## INDEPENDENT COLLEGE GROUP PLAINTIFF-INTERVENORS' NOTICE OF SUPPLEMENTAL AUTHORITY

Barnard College ("Barnard"), Bryn Mawr College ("Bryn Mawr"), Middlebury College ("Middlebury"), Sarah Lawrence College ("Sarah Lawrence"), Swarthmore College ("Swarthmore"), and Vassar College ("Vassar") (collectively, the "Independent College Group Plaintiff-Intervenors" or the "ICG Plaintiff-Intervenors") hereby respectfully submit the following supplemental authorities addressing whether *Trump v. CASA, Inc.,* 606 U.S. 831 (2025) limits a district court's ability, in an APA action, to (i) issue a stay/postponement of agency action pursuant to 5 U.S.C. § 705 and/or (ii) vacate (i.e., "hold unlawful and set aside") agency action pursuant to 5 U.S.C. § 706(2).

*CASA* expressly declined to resolve "the distinct question whether the Administrative Procedure Act authorizes federal courts to vacate federal agency action." *CASA,* 606 U.S. 831, 847 n. 10. The following post-*CASA* cases explain that *CASA* does not undermine or affect a district court's ability, in an APA case, to (i) stay or postpone the effective date of agency action pursuant to 5 U.S.C. § 705 and/or (ii) vacate agency action pursuant to 5 U.S.C. § 706(2), and that such

statutory relief may operate on the challenged agency action itself rather than being limited to party-specific equitable injunctions:

1.  In *Freedom Network USA v. President Donald J. Trump*, No. 25 C 12419, 2026 WL 800392 (N.D. Ill. Mar. 23, 2026), the court reasoned that the "most natural reading" of § 706's "hold unlawful and set aside" language is that reviewing courts act on the challenged "agency action" itself, and that § 705 is likewise "naturally read" to authorize courts to postpone or stay the agency action itself, not merely to enjoin enforcement as to particular plaintiffs. *Id.* at *22. The court therefore concluded that § 705 authorized a stay of OVC's decision to include the challenged Notices of Funding Opportunities conditions and entered a § 705 stay notwithstanding *CASA* (while also entering relief extending beyond Freedom Network where necessary to afford complete relief on the record presented). *Id.* at *22-23.

2.  In *Am. Hosp. Ass'n v. Kennedy*, No. 2:25-cv-00600-LEW, 2025 WL 3754193 (D. Me. Dec. 29, 2025), the court rejected the government's argument that *CASA* required preliminary relief to be limited to identified association members, emphasizing that *CASA* expressly reserved the "distinct question" of APA remedies and that the APA authorizes courts to "hold unlawful and set aside agency action," 5 U.S.C. § 706(2), and to issue § 705 process "to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings." *Id.* at * 9. On that basis, the court concluded the preliminary injunction "need not be limited to Plaintiffs" because the court had authority to "preliminarily set aside" the challenged agency actions comprising the Rebate Program at issue. *Id.* An appeal was filed on December 30, 2025 and is pending.

3. In *City of Chicago v. U.S. Dep't of Homeland Sec.*, No. 25 C 5463, 2025 WL 3171302 (N.D. Ill. Nov. 13, 2025), the court denied the government's motion to clarify that the preliminary injunction had to be limited to the plaintiff jurisdictions based on *CASA*. The court emphasized that *CASA* expressly reserved "the distinct question whether the Administrative Procedure Act authorizes federal courts to vacate federal agency action," and, "[i]n the absence of a binding decision to the contrary," it "decline[d] to abandon the longstanding view that the APA authorizes vacatur," noting that "nearly all, if not all" courts to consider the question since *CASA* have held vacatur remains available. *Id.* at *1-2. The court further observed that because plaintiffs had brought APA claims, vacatur would be an "appropriate or even the presumptive remedy" on the merits. *Id.* at *2 (citing *Johnson v. U.S. Off. of Pers. Mgmt.*, 783 F.3d 655, 663 (7th Cir. 2015) and *Advocs. for Highway & Auto Safety v. Fed. Motor Carrier Safety Admin.*, 429 F.3d 1136, 1151 (D.C. Cir. 2005)). On that premise, the court concluded the preliminary injunction "need not be limited to the plaintiffs" and that the court had authority to "preliminarily stay or set aside" the challenged agency actions. *Id.*

4. In *City of Columbus v. Kennedy*, 796 F. Supp. 3d 123 (D. Md. Aug. 22, 2025), the court granted a stay under § 705 postponing the effective dates of challenged provisions of a Department of Health and Human Services rule and rejected the government's request to limit relief to the plaintiffs. *Id.* at 176. The court reasoned that § 705 authorizes courts to "postpone the effective date" of the agency action, that "APA suits ultimately target the rule," and that "setting aside an agency action is the standard remedy" under § 706(2). *Id.* at 139, 175-176. It then squarely addressed *CASA*, recognizing that *CASA* held traditional injunctive relief must be limited to providing complete relief to the parties, but "explicitly

left open" whether the APA authorizes vacatur, and further noting Justice Kavanaugh's statement that APA plaintiffs may ask a court to preliminarily "set aside" a new agency rule. *Id.* at 176. On that basis, and "in line with other recent cases," the court held that *CASA*'s limiting principle for universal injunctions "does not apply to APA cases" because § 705/§ 706 operate on the agency action itself; it also found plaintiff-only relief would be impractical in light of market-wide effects and administrability concerns. *Id.* (citing *Drs. for Am. v. Off. of Pers. Mgmt.,* No. 25-cv-322, 793 F.Supp.3d 112, 148 (D.D.C. July 3, 2025) ("[A]s this is a case involving APA vacatur, not a universal or national injunction, ... [CASA] does not apply."); *Walker v. Kennedy,* 790 F.Supp.3d 138, 146, No. 20-CV-2834 (E.D.N.Y. July 8, 2025) ("CASA does not require the Court to reconsider its stay."); *Ass'n of Am. Univs. v. Dep't of Defense,* 792 F.Supp.3d 143, 182, No. 25-cv-11740 (D. Mass. July 18, 2025) (finding that "a stay under the APA" is not "subject to the same limitations espoused in CASA"); *Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Noem,* 793 F.Supp.3d 19, 104-05, Civ. No. 25-306 (D.D.C. July 2, 2025) (noting that binding precedent and the text of the APA plainly authorize vacatur)). An appeal was filed on August 29, 2025 and is pending.

5.  In *Am. Fed'n of Tchrs. v. Dep't of Educ.*, 796 F. Supp. 3d 66 (D. Md. Aug. 14, 2025) the court held the challenged agency actions unlawful and set them aside under § 706, emphasizing that "APA suits are not suits in equity," that *CASA* addressed the scope of equitable injunctions under the Judiciary Act of 1789, and that *CASA* expressly did not resolve whether the APA authorizes vacatur. *Id.* at 119-120. The court further stressed that vacatur is a distinct procedural mechanism from an injunction even if it may have similar practical effects, and concluded that "[n]othing in *Trump v. CASA* alters the availability or

form of APA relief," holding the challenged actions unlawful and vacating them in their entirety. *Id.* at 119 ("Like every other court to consider this issue since *CASA,* this Court believes the APA has always expressly authorized vacatur, and *CASA* did not change that."). An appeal was filed on October 15, 2025 and is pending.

Dated: April 13, 2026                                  Respectfully submitted,

                                                        HOLLAND & KNIGHT, LLP
                                                        Attorneys for the ICG Plaintiff-Intervenors

                                                        */s/ Jeffrey J. Nolan*
                                                        Jeffrey J. Nolan (BBO #625091)
                                                        Holland & Knight, LLP
                                                        10 Saint James Avenue
                                                        15th Floor
                                                        Boston, MA 02116
                                                        Telephone: (617) 854-1459
                                                        Fax: (617) 523-6850

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of April, 2026, I caused the foregoing to be electronically filed with the clerk of the court for the U.S. District Court for the District of Massachusetts, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.


Dated: April 13, 2026                                    /s/ Jeffrey J. Nolan
                                                          Jeffrey J. Nolan