# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS; STATE OF CALIFORNIA; STATE OF MARYLAND; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAI'I; STATE OF ILLINOIS; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW YORK; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF VERMONT; COMMONWEALTH OF VIRGINIA; STATE OF WASHINGTON, and STATE OF WISCONSIN, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> U.S. DEPARTMENT OF EDUCATION; LINDA MCMAHON, in her official capacity as Secretary of Education; OFFICE OF MANAGEMENT AND BUDGET; and RUSSELL VOUGHT, in his official capacity as Director of the Office of Management and Budget, <br><br> *Defendants*. | Case No.1:26-cv-11229 |

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION SEEKING REMAND WITHOUT VACATUR**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

LEGAL STANDARD ........................................................................................................... 2

ARGUMENT ........................................................................................................................ 4

I.      REMAND WITHOUT VACATUR WILL PERMIT THE DEPARTMENT TO
        ADDRESS ISSUES RAISED BY PLAINTIFFS AND INTERVENORS AND
        WILL CONSERVE JUDICIAL RESOURCES. ................................................... 5

II.     THE COURT LACKS AUTHORITY TO VACATE THE ACTS COMPONENT
        BEFORE REACHING A MERITS DECISION. ................................................... 5

III.    EVEN IF VACATUR WERE AVAILABLE BEFORE THE COURT DECIDES
        THE MERITS, VACATUR WOULD NOT BE APPROPRIATE IN THIS CASE. ........... 5

        A.      The Error Preliminarily Identified by the Court Is Not Severe. ........................... 6

        B.      The Error Preliminarily Identified by the Court Can Be Remedied on
                Remand. .................................................................................................... 7

        C.      The Balance of Equities Weighs Against Vacatur. .................................................. 8

IV.     THIS COURT SHOULD RETAIN JURISDICTION. ......................................... 10

CONCLUSION ................................................................................................................... 10

i

## TABLE OF AUTHORITIES

**CASES**

*A.M. Capen's Co. v. Am. Trading & Prod. Corp.*,
  74 F.3d 317 (1st Cir. 1996) ................................................................................ 1

*A.M. Capen's Co. v. Am. Trading & Prod. Corp.*,
  202 F.3d 469 (1st Cir. 2000) .............................................................................. 1

*Allied-Signal, Inc. v. U.S. Nuclear Regulatory Commission*,
  988 F.2d 146 (D.C. Cir. 1993) ................................................................... 4, 7, 9

*Alpharma, Inc. v. Leavitt*,
  460 F.3d 1 (D.C. Cir. 2006) ............................................................................... 5

*Camp v. Pitts*,
  411 U.S. 138 (1973) ........................................................................................... 3

*Carpenters Indus. Council v. Salazar*,
  734 F. Supp. 2d 126 (D.D.C. 2010), *appeal dismissed*,
  2011 WL 812391 (D.C. Cir. Feb. 24, 2011) ...................................................... 3

*Central Maine Power Co. v. Federal Energy Regulatory Commission*,
  252 F.3d 34 (1st Cir. 2001) ....................................................................... 4, 7, 10

*Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*,
  591 U.S. 1 (2020) ............................................................................................ 2, 3

*Ecological Rts. Found. v. U.S. EPA*,
  Civ. A. No. 19-2181, 2022 WL 4130818 (D.D.C. Sep. 12, 2022), *appeal dismissed*,
  2022 WL 17722857 (D.C. Cir. Dec. 14, 2022) .................................................. 3

*Encino Motorcars, LLC v. Navarro*,
  579 U.S. 211 (2016) ........................................................................................... 2

*Ethyl Corp. v. Browner*,
  989 F.2d 522 (D.C. Cir. 1993) ........................................................................... 5

*Fla. Power & Light Co. v. Lorion*,
  470 U.S. 729 (1985) ........................................................................................... 2

*Fox Television Stations, Inc. v. FCC*,
  280 F.3d 1027 (D.C. Cir.), *opinion modified on reh'g*, 293 F.3d 537 (D.C. Cir. 2002) ............. 7

*Friends of Animals v. Williams*,
  628 F. Supp. 3d 71 (D.D.C. 2022) ..................................................................... 4

*Heartland Reg'l Med. Ctr. v. Sebelius*,
566 F.3d 193 (D.C. Cir. 2009) ................................................................................... 6

*Immigr. & Naturalization Serv. v. Orlando Ventura*,
537 U.S. 12 (2002)..................................................................................................... 3

*Int'l Union, United Mine Workers of Am. v. Fed. Mine Safety & Health Admin.*,
920 F.2d 960 (D.C. Cir. 1990) .................................................................................. 4

*Maine v. Wheeler*,
No. 1:14-cv-00264-JDL, 2018 WL 6304402 (D. Me. Dec. 3, 2018).......................... 3

*N. Alaska Env't Ctr. v. Haaland*,
Case No. 3:20-cv-00187-SLG, 2022 WL 1556028 (D. Alaska May 17, 2022).......... 3

*Nat'l Parks Conservation Ass'n v. Salazar*,
660 F. Supp. 2d 3 (D.D.C. 2009) .............................................................................. 3

*Nat'l Parks Conservation Ass'n v. U.S. EPA*,
803 F.3d 151 (3d Cir. 2015)...................................................................................... 3

*Rhodes v. U.S. Dep't of the Army*,
No. 24-cv-3619, 2025 WL 1334467 (D.D.C. Apr. 21, 2025) ..................................... 5

*Sierra Club v. U.S. EPA*,
60 F.4th 1008 (6th Cir. 2023).............................................................................. 3, 9

*Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*,
985 F.3d 1032 (D.C. Cir. 2021) ................................................................................ 6

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*,
600 U.S. 181 (2023).................................................................................................. 8

*United States v. Texas*,
599 U.S. 670 (2023)............................................................................................... 8, 9

## STATUTES AND REGULATIONS

5 U.S.C. § 706.................................................................................................... 1, 4, 5

20 U.S.C. § 1094....................................................................................................... 1

34 C.F.R. § 668.14 ................................................................................................... 1

**INTRODUCTION**

This case concerns the Department of Education's promulgation of a data collection—the Admissions Consumer Transparency Supplement (ACTS) component of the Integrated Postsecondary Education Data System (IPEDS)—for institutes of higher education that receive federal funds under Title IV of the Higher Education Act of 1965. Schools receiving Title IV funds are required to report data, including ACTS component data, through IPEDS. 20 U.S.C. § 1094(a)(17); 34 C.F.R. § 668.14(b)(19).

This Court has decided that Plaintiffs and Intervenors are likely to succeed on the merits of their claim that the Department's promulgation of the ACTS component was arbitrary and capricious under 5 U.S.C. § 706(2)(A). Mem. & Order on Pls.' Mot. for a Prelim. Inj. at 7, ECF No. 142; Mem. & Order on Mot. of Intervenors for Prelim. Inj. Relief or a Stay at 15, ECF No. 186. Specifically, this Court has preliminarily[1] determined that the Department has not adequately explained why it developed the ACTS component within the 120-day period initially publicly announced in President Trump's August 7, 2025, memorandum, *Ensuring Transparency in Higher Education Admissions*. ECF No. 142 at 26 (stating that the Department did not "meaningfully engage with comments that raised serious concerns about the impact of that rushed process" and "neither the President, nor the Secretary, nor the agency ever explained the purpose of the truncated timeline"); *see also id.* at 26-30; ECF No. 186 at 16; Ex. F to Defs.' Opp. to Pls.' Motion for TRO, ECF No. 69-6. The Court explained that, "[i]f there were good reasons for the timetable, the

---

[1] The Court's "conclusions as to the merits of the issues presented on preliminary injunction are to be understood as statements of probable outcomes, rather than as comprising the law of the case." *A.M. Capen's Co. v. Am. Trading & Prod. Corp.*, 202 F.3d 469, 473 (1st Cir. 2000) (quoting *A.M. Capen's Co. v. Am. Trading & Prod. Corp.*, 74 F.3d 317, 322 (1st Cir. 1996)).

agency has not explained them, and '[i]t is not the role of the [C]ourt[] to speculate.'" ECF No. 142 at 30 (quoting *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 224 (2016)). [2]

The Department continues to believe that it has adequately explained its promulgation of the ACTS component, but in the interest of providing the explanation that the Court believes is lacking before the parties proceed to merits litigation on the full record, Defendants ask for a remand until June 19, 2026, without vacatur, to permit the Department to provide further explanation of its reasoning at the time of the promulgation of the ACTS component. Defendants ask this Court to maintain its jurisdiction over this dispute during the remand to permit efficient resolution of the parties' dispute after the remand period concludes and to ensure the preliminary injunction stays in place during the remand. [3]

## LEGAL STANDARD

Where a court perceives "the grounds that the agency invoked when it took the action" to be "inadequate," it "may remand for the agency" to provide "a fuller explanation of the agency's reasoning *at the time of the agency action*." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 20 (2020) (citations omitted); *see Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (Under the APA, remand is generally the proper remedy "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record

---

[2] The Court also preliminarily found that the Department "entirely failed to consider" an important aspect of the problem—namely, the purported dismantling of the Department and staff reductions within the Department. ECF No. 142 at 31. But the Court later stated that "the current state of the Department of Education is not relevant to the Court's APA review." ECF No. 186 at 16.

[3] Counsel for Defendants certifies pursuant to Local Rule 7.1(a)(2) that she met and conferred with counsel for Plaintiffs and Intervenors to attempt in good faith to resolve or narrow the issue. Counsel for Plaintiffs and Intervenors have informed counsel for Defendants that they oppose this motion for remand without vacatur.

before it[.]"); *Immigr. & Naturalization Serv. v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (explaining that court generally should remand to an agency "for decision of a matter that statutes place primarily in agency hands").  During a remand, the agency may "elaborate later" on the reasons for a final action but may not provide new reasons.  *Regents of the Univ. of Cal.*, 591 U.S. at 21 (citing *Camp v. Pitts*, 411 U.S. 138, 143 (1973) (per curiam)).

Multiple courts in the United States District Court for the District of Columbia—where much litigation concerning federal agencies takes place—and elsewhere have concluded that a federal court cannot vacate an agency action absent a determination of the merits.  *See, e.g.*, *Ecological Rts. Found. v. U.S. EPA*, Civ. A. No. 19-2181, 2022 WL 4130818, at *12 (D.D.C. Sep. 12, 2022) ("[C]ourts cannot vacate agency regulations 'without judicial consideration of the merits.'" (citation omitted)), *appeal dismissed*, 2022 WL 17722857 (D.C. Cir. Dec. 14, 2022); *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 135-36 (D.D.C. 2010) (similar), *appeal dismissed*, 2011 WL 812391 (D.C. Cir. Feb. 24, 2011); *Nat'l Parks Conservation Ass'n v. Salazar*, 660 F. Supp. 2d 3, 5 (D.D.C. 2009) (similar); *N. Alaska Env't Ctr. v. Haaland*, Case No. 3:20-cv-00187-SLG, 2022 WL 1556028, at *6 (D. Alaska May 17, 2022) (similar); *Nat'l Parks Conservation Ass'n v. U.S. EPA*, 803 F.3d 151, 157 (3d Cir. 2015) ("We did not reach the merits of the petition, though, since the EPA filed a motion for voluntary remand without vacatur in order to consider and respond in greater detail to the [petitioners'] concerns. We granted the motion . . . and remanded the matter to the EPA."); *see also Sierra Club v. U.S. EPA*, 60 F.4th 1008, 1021-22 (6th Cir. 2023) (noting that courts in the District of Columbia have found that they lack authority to issue pre-merits determination vacatur but also noting a split in authority).  The only court within the First Circuit to address the issue has found that vacatur before a final determination of the merits is inappropriate.  *Maine v. Wheeler*, No. 1:14-cv-00264-JDL, 2018 WL 6304402, at *3

3

(D. Me. Dec. 3, 2018).  The APA's text supports this conclusion, as it only permits a court to set aside agency action "*found to be* arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A) (emphasis added).

Some courts outside this district have found that they may vacate agency action before determining the merits.  *See, e.g.*, *Friends of Animals v. Williams*, 628 F. Supp. 3d 71, 80 (D.D.C. 2022) (noting a split in authority).  Those courts have applied, in the pre-merits decision context, the standard enunciated by the D.C. Circuit for remand *after* a merits decision in *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Commission*, 988 F.2d 146, 153 (D.C. Cir. 1993), which the First Circuit adopted in the *post*-merits decision context in *Central Maine Power Co. v. Federal Energy Regulatory Commission*, 252 F.3d 34, 48 (1st Cir. 2001).  Under that standard, whether to set aside an order that a court perceives as inadequately explained "rests in the sound discretion of the reviewing court."  *Cent. Me. Power Co.*, 252 F.3d at 48.  The court should consider, *inter alia*, "the severity of the errors, the likelihood that they can be mended without altering the order, and . . . the balance of equities and public interest considerations."  *Id.*  The public interest considerations include "the disruptive consequences of an interim change that may itself be changed," among other considerations.  *Allied-Signal*, 988 F.2d at 150-51 (quoting *Int'l Union, United Mine Workers of Am. v. Fed. Mine Safety & Health Admin.*, 920 F.2d 960, 967 (D.C. Cir. 1990)).

**ARGUMENT**

Defendants respectfully ask this Court to remand, without vacatur, the ACTS component to the Department to permit the Department to provide further explanation that this Court has preliminarily found lacking.

4

I.    **REMAND WITHOUT VACATUR WILL PERMIT THE DEPARTMENT TO ADDRESS ISSUES RAISED BY PLAINTIFFS AND INTERVENORS AND WILL CONSERVE JUDICIAL RESOURCES.**

Courts "prefer[] to allow agencies to cure their own mistakes," *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993), and courts in the D.C. Circuit "commonly grant" motions for voluntary remand, "preferring to allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources[.]" *Rhodes v. U.S. Dep't of the Army*, No. 24-cv-3619, 2025 WL 1334467, at *1 (D.D.C. Apr. 21, 2025) (quoting *Browner*, 989 F.2d at 524). Permitting the Department to provide an "amplified articulation" of aspects of its decision that Plaintiffs and Intervenors have alleged are deficient is appropriate here, as it would enable this Court to review the Department's decision-making with the benefit of a more fulsome explanation provided by the Department. *See Alpharma, Inc. v. Leavitt*, 460 F.3d 1, 5-6 (D.C. Cir. 2006) (permitting an agency to provide an "amplified articulation" of a prior "conclusory" observation and explaining that "it is incumbent upon the court to consider that explanation when it arrives" (citations omitted)). Because it will conserve judicial resources, this Court should remand without vacatur to allow the Department to address issues raised by Plaintiffs and Intervenors.

II.    **THE COURT LACKS AUTHORITY TO VACATE THE ACTS COMPONENT BEFORE REACHING A MERITS DECISION.**

This Court lacks authority to vacate an agency action before it reaches a final decision on the merits. 5 U.S.C. § 706(2)(A) (A court may set aside agency action "*found to be* arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." (emphasis added)); *see also Salazar*, 734 F. Supp. 2d at 135-36; *Wheeler*, 2018 WL 6304402, at *3. Thus, remand should be without vacatur.

III.    **EVEN IF VACATUR WERE AVAILABLE BEFORE THE COURT DECIDES THE MERITS, VACATUR WOULD NOT BE APPROPRIATE IN THIS CASE.**

Even if this Court had the authority to vacate agency action without first reaching a final decision on the merits, it should not vacate the ACTS component here.  First, the error preliminarily identified by the Court is not severe.  Second, that error can be remedied without altering the ACTS component.  And third, the balance of equities militates toward remand without vacatur because vacatur would be disruptive to both the Department and the vast majority of schools, which have submitted some or all requested ACTS data, and because the remand would be limited in duration, expiring on June 19, 2026.  Finally, Defendants ask this Court to retain jurisdiction over this case during the remand, so the case can be efficiently resolved on the merits after the remand and to ensure the preliminary injunction stays in place during the remand.

### A.    The Error Preliminarily Identified by the Court Is Not Severe.

This Court has preliminarily identified only one error in the Department's responses to comments on two notices that proceeded the Department's promulgation of the ACTS component: failure to explain the "reasons for the timetable" of the adoption of the ACTS component.  ECF No. 142 at 30.

This is not a case where the agency has failed to follow the required procedures, for which courts have held that vacatur is generally the default response.  *See Heartland Reg'l Med. Ctr. v. Sebelius*, 566 F.3d 193, 199 (D.C. Cir. 2009) ("Failure to provide the required notice and to invite public comment—in contrast to the agency's failure here adequately to explain why it chose one approach rather than another for one aspect of an otherwise permissible rule—is a fundamental flaw that normally requires vacatur of the rule."); *see also Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 985 F.3d 1032, 1052 (D.C. Cir. 2021).  Here, the Department complied with all required procedures.  It undertook two rounds of notice and comment and certified the ACTS

component to the Office of Management and Budget. *See* ECF No. 142 at 23 ("Because the Court concludes that the PRA certification complied with the requirements of § 3506(c)(3), plaintiffs are not likely to succeed on their claim that the ACTS survey violates the APA for failing to comply with the PRA's requirements."). At most, the Department has underexplained its choice to promulgate the ACTS component on the timeline it used. Courts have found that remand without vacatur is appropriate where an agency failed to reasonably explain an aspect of its decision. *Cent. Me. Power Co.*, 252 F.3d at 47 (remanding without vacatur where agency action "require[d] more reasoned consideration than [the agency] afforded"); *Fox Television Stations, Inc. v. FCC*, 280 F.3d 1027, 1048 (D.C. Cir.) (remanding without vacatur where court could not "say with confidence that the Rule is likely irredeemable because the Commission failed to set forth the reasons—either analytical or empirical—" for the Rule and refusing to "infer from this silence that the agency cannot justify its change of position"), *opinion modified on reh'g*, 293 F.3d 537 (D.C. Cir. 2002); *Allied-Signal*, 988 F.2d at 151 (remanding without vacatur where it "is conceivable" that the agency "may be able to explain" its decision-making).

### B. The Error Preliminarily Identified by the Court Can Be Remedied on Remand.

As this Court has stated, "if the President does not provide a reasoned explanation for a decision, then, at the very least, the agency implementing that decision must provide one." ECF No. 142 at 30. Remand without vacatur will permit the Department to provide that reasoned explanation and remedy the error preliminarily identified by the Court. Courts have remanded without vacatur where it "is conceivable" that the agency "may be able to explain" its decision-making. *Allied-Signal*, 988 F.2d at 151. Here, remand will permit the Department to provide an explanation of the timeline for adoption of the ACTS component. It will also permit the

Department to further explain other aspects of its decision-making at the time the ACTS component was promulgated.

For example, the Department may use a remand without vacatur to explain the importance of releasing the ACTS component quickly to alleviate the risk of data loss due to schools' data retention policies and the importance of having at least three years of data pre-dating the Supreme Court's decision in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), to generate a credible baseline of institutional practice prior to the Supreme Court's decision—data that may have been lost had the Department taken longer to initiate the ACTS component. *See* Second Decl. of Matthew Soldner ¶ 20(b), ECF 100-2; Responses to Comments on 30-Day Notice at 10, ECF No. 100-4 ("We are particularly mindful that trend analyses depend upon multiple years of data to credibly distinguish underlying secular trends from other potential causes."). The Department may also use a remand without vacatur to explain the importance of finishing the ACTS data collection during the 2025-2026 school year to permit release of data in time to be of use to applicants submitting their applications during the 2026-2027 school year. The Department may further use the period of remand without vacatur to further explain other aspects of its decision-making at the time the ACTS component was promulgated, including why the Department believed it had sufficient resources to manage the ACTS component. In short, the Department can use the short, requested remand to more fully explain its reasons for promulgating the ACTS component and, in so doing, provide the explanation sought by this Court.

### C.    The Balance of Equities Weighs Against Vacatur.

This Court has already rejected an invitation to award universal preliminary relief. ECF No. 186 at 25. In doing so, the Court cited with approval the concerns expressed by Justice Gorsuch in his concurrence in *United States v. Texas*, 599 U.S. 670 (2023), that "vacatur can stymie

the orderly review of important questions, lead to forum shopping, render meaningless rules about joinder and class actions, . . . facilitate efforts to evade the APA's normal rulemaking processes," "sweep up nonparties who may not wish to receive the benefit of the court's decision," and "strain[] our separation of powers." ECF No. 186 at 24 (quoting *Texas*, 599 U.S. at 703 (Gorsuch, J., concurring in the judgment)). The same concerns militate against improperly vacating the ACTS component during remand. Further weighing against vacatur are the disruption that vacatur would pose and the short duration of the requested remand.

The "consequences of vacating" the ACTS component "may be quite disruptive." *See Allied-Signal*, 988 F.2d at 151. The vast majority of schools have completed their ACTS submissions and the Department has begun processing that data. Fifth Declaration of Matthew Soldner ¶¶ 2, 3, Ex. A. Vacating the ACTS component would put those data submissions and the Department's prompt processing of those data submissions on uncertain legal footing, potentially delaying the publication of information. For the minority of schools that have not completed their ACTS submissions and are not covered by this Court's preliminary injunctions, vacatur would lead to the bizarre result of those schools not having to complete the ACTS component during the pendency of the vacatur and also not having to preserve their ACTS data as required by the preliminary injunctions, depriving the Department and the public of any data lost during the vacatur and further disrupting the Department's prompt processing of ACTS data.

Courts have found that an agency's promise to limit the duration of a remand weighs against vacatur. *See, e.g.*, *Sierra Club*, 60 F.4th at 1023 (finding that "[o]n balance, and particularly in light of the EPA's promise to limit the duration of its review, vacatur is not justified," where the agency promised to complete its reevaluation within twelve months of remand). Here, the

Department requests a remand of one month, only until June 19, 2026.  The short duration of the remand militates against vacatur.

## IV.    THIS COURT SHOULD RETAIN JURISDICTION.

In *Central Maine Power Co.*, the First Circuit retained jurisdiction over a case in which it remanded without vacatur a decision of the Federal Energy Regulatory Commission.  By retaining jurisdiction, the First Circuit ensured it would be able to "issue all orders necessary to assure compliance with [its] mandate and to review whatever decision FERC makes on reconsideration in response to [its] mandate, assuming that the decision remains contested." *Cent. Me. Power Co.*, 252 F.3d at 48.  Here, the Defendants request a remand of limited duration to permit this Court to retain jurisdiction.  A remand to June 19 will not substantially affect the timely disposition of this case, as the parties could proceed immediately after June 19 with production of the administrative record and summary judgment briefing[4], which is likely to resolve this case.  As in *Central Maine Power Co.*, this Court's retention of jurisdiction would lead to the most efficient resolution of this case.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully ask this Court to remand to the Department so the agency has the opportunity to more thoroughly explain its rationale and reassess the challenged aspects of the ACTS component.  Defendants ask that the remand be without vacatur to, among other things, permit the preliminary injunctions to remain in place.  Defendants

---

[4] Defendants respectfully seek to defer responding to the amended complaints until after the Court's ruling on the summary judgment motion(s), to the extent a response is necessary.  Counsel for Intervenors have informed counsel for Defendants that they consent to this request.  Counsel for Plaintiffs have informed counsel for Defendants that they consent to extension of an answer or other responsive pleading through a motion to remand and any disposition of that motion, but do not consent to any further extension until which time the parties discuss the schedule for summary judgment briefing.

10

further ask that this Court retain jurisdiction over this case to review the administrative record as supplemented, assuming the decision remains contested.

Dated:  May 19, 2026                    Respectfully submitted,

> BRETT A. SHUMATE
> Assistant Attorney General
>
>
> MICHELLE BENNETT
> Assistant Director, Federal Programs Branch
>
>
> */s/ Brittany S. Bruns*
> BRITTANY S. BRUNS (D.C. Bar 1658394)
> Trial Attorney
> United States Department of Justice
> Civil Division, Federal Programs Branch
> 1100 L ST. N.W.
> Washington, DC 20005
> Tel:  (202) 531-1325
> brittany.s.bruns@usdoj.gov
> *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified in the Notice of Electronic Filing (NEF).

Dated:  May 19, 2026                    Respectfully submitted,


                                        */s/ Brittany S. Bruns*
                                        BRITTANY S. BRUNS