**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **COMMONWEALTH OF MASSACHUSETTS, et al.,** ) ) ) ) **Plaintiffs,** ) ) **v.** ) ) **DEPARTMENT OF EDUCATION, et al.,** ) ) **Defendants.** ) ) | **Civil Action No. 26-11229-FDS** |

**MEMORANDUM AND ORDER ON DEFENDANTS'**
**MOTION SEEKING REMAND WITHOUT VACATUR**

**SAYLOR, J.**

This matter involves a challenge to a new requirement promulgated by the United States

Department of Education—the Admissions and Consumer Transparency Supplement

("ACTS")—that compels colleges and universities to disclose certain data concerning student

admissions.  Plaintiffs are 17 states, including Massachusetts, with public university systems that

participate in federal student financial aid programs.  Several associations that comprise

additional universities, as well as six individual colleges, later intervened as plaintiffs.

In earlier opinions, the Court found that plaintiffs and intervenors were likely to succeed

on the merits of their APA claim that the implementation of the ACTS survey was arbitrary and

capricious.  *See Massachusetts v. Department of Educ.*, 828 F. Supp. 3d 198, 216-220 (D. Mass.

2026); *Massachusetts v. Department of Educ.*, 2026 WL 1114877, at *8 (D. Mass. Apr. 24,

2026).  As a result, the Court preliminarily enjoined defendants from enforcing any deadline for

compliance with the ACTS survey against plaintiffs or plaintiff-intervenors.

Defendants now seek remand without vacatur to permit the Department to further explain its reasoning as of the time that the ACTS component was promulgated.  (Dkt. No. 196 at 4-5). Plaintiffs and intervenors oppose the motion primarily on the ground that remand would be futile.  (Dkt. No. 199 at 5-12; Dkt. No. 200 at 2-6).

Generally, when a reviewing court finds agency action to be unlawful, the remedy under the APA is to "hold unlawful and set aside" that agency action.  5 U.S.C. § 706(2).  Under some circumstances, however, courts may remand an action back to the agency without setting aside the action—that is, without vacatur.

Where a court finds that "the grounds that the agency invoked when it took [an] action . . . are inadequate, a court may remand for the agency to do one of two things." *Department of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1907 (2020) (citation modified).  First, "the agency can offer 'a fuller explanation of the agency's reasoning *at the time of the agency action*.'"  *Id.* (quoting *Pension Benefit Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 654 (1990)).  Under this approach, an agency may "amplif[y]" or "elaborate" on its reasons for acting "but may not provide new ones."  *Id.* (citation modified).  Alternatively, "the agency can 'deal with the problem afresh' by taking *new* agency action," in which case it "is not limited to its prior reasons" for acting.  *Id.* at 1909 (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 201 (1947)).

The D.C. Circuit has held that remand without vacatur is an "exceptional remedy" when sought following a court's ruling on the merits, because the APA's default rule is that agency action should be "set aside" under such circumstances.  *See Center for Biological Diversity v. Zeldin*, 171 F.4th 356, 382 (D.C. Cir. 2026).  However, courts are more willing to grant remand where an agency requests it before the reviewing court has reached a final decision on the merits.

*See, e.g.*, *Utility Solid Waste Activities Grp. v. Environmental Prot. Agency*, 901 F.3d 414, 436 (D.C. Cir. 2018) ("We generally grant an agency's motion to remand so long as the agency intends to take further action with respect to the original agency decision on review." (citation modified)); *National Parks Conservation Ass'n v. U.S. EPA*, 803 F.3d 151, 157 (3d Cir. 2015).

Under the circumstances, the Court will grant defendants' motion for remand.  Although plaintiffs and intervenors oppose remand on the grounds of undue delay and futility—which are not idle concerns—defendants have proposed a fairly short timetable which will obviate the concern of delay to some degree.  In their initial motion, filed on May 19, 2026, defendants sought remand for a period of one month, until June 19, 2026.  Because additional time has passed since the motion was filed, the Court will grant the motion for remand for a period of one month—that is, until September 11, 2026.  Again, because defendants have chosen to seek remand without vacatur rather than commencing new agency action, they "can offer a fuller explanation of the agency's reasoning at the time of the agency action" but "may not provide new [reasoning]." *Regents*, 140 S. Ct. at 1908 (citation modified).  The preliminary injunction will remain in effect during the pendency of the remand.

For the foregoing reasons, defendants' motion for remand without vacatur is GRANTED. Defendants shall provide any supplemental explanation of the agency action no later than September 11, 2026.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  August 11, 2026          United States District Judge

3